IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MONROE LIPSEY, on behalf of himself and other similarly situated employees,

    Plaintiff,

-vs-                                     Case No:

ALLSEC TECHNOLOGIES, INC.,     JURY TRIAL DEMANDED
a Texas Corporation,

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, MONROE LIPSEY ("Plaintiff"), on behalf of himself and other similarly situated workers, hereby files this Complaint against Defendant, ALLSEC TECHNOLOGIES, INC., and states as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges, on behalf of himself and other similarly situated current and former employees of Defendant who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*; (iii) entitled to reasonable attorneys' fees and costs pursuant to the FLSA; and (iv) entitled declaratory relief

pursuant to 28 U.S.C. §2201.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid back overtime wages, to recover an additional equal amount as liquidated damages, to obtain declaratory relief, and to recover reasonable attorney's fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §201, *et seq.* (the "FLSA").

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue lies within the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1391.

## PARTIES

6. From approximately January 2016 to October 2016, Plaintiff worked for Defendant in Irving, Texas as an "AML [Anti-Money Laundering] Financial Transactions Specialist."

7. At all times material hereto ALLSEC TECHNOLOGIES, INC., was a Texas Corporation doing business and employing workers in Irving, Texas.

8. Defendant is a "global company with vast expertise in providing business process solutions across various industry verticals." *See* www.allsectech.com/about.php.

9. Included in Defendant's offered services are services related to Anti-Money Laundering Solutions from their AML "hub" in Irving, Texas. *See* www.allsectech.com/anti-money-laundering-service.php.

10. Defendant provided these services to Standard Chartered Bank among other institutions in Irving, Texas where Defendant employed Plaintiff and other similarly situated workers to perform the physical work.

11. Virtually all of the events, acts and omissions that give rise to this lawsuit occurred within the state of Texas.

12. At all times relevant hereto, Defendant recruited non-exempt AML type employees (as further discussed below), like Plaintiff and those similarly situated to Plaintiff, to work in Irving, Texas and perform AML type duties.

## COVERAGE

13. At all times material hereto Plaintiff was employed by Defendant within the meaning of FLSA.

14. Plaintiff was hired by Defendant to perform AML duties as an AML Financial Transactions Specialist in Irving, Texas at Defendant's offices.

15. Throughout their employment, Plaintiff and those similarly situated employees performed work on behalf of Defendant and were paid directly by Defendant.

16. At all times material hereto, Defendant determined the nature and amount of Plaintiff's and those similarly situated employees' pay.

17. At all times material hereto, Defendant was the employer of Plaintiff

3

and those similarly situated AML type employees within the meaning of the FLSA.

18. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

19. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

20. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

21. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

22. At all times material hereto, Defendant simultaneously operated in two (2) or more states, and even across the globe.

23. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including office equipment, computers, telephones and other tools and materials necessary for the work they performed.

24. At all times material hereto, Plaintiff and those similarly situated were "engaged in commerce" and subject to individual coverage of the FLSA, because they handled interstate telephone calls and computer transactions on a regular and frequent basis as part of their job duties while employed by Defendant.

25. At all times hereto, Plaintiff and those similarly situated were engaged in the "production of goods for commerce" and subject to the individual

coverage of the FLSA.

## STATEMENT OF FACTS

26. Plaintiff and those similarly situated are/were workers performing AML type duties for Defendant.

27. Plaintiff was recruited to work as an AML Financial Transactions Specialist by Defendant.

28. Plaintiff worked in this capacity from January 2016 to October 2016.

29. Defendant classified Plaintiff as an independent contractor.

30. Defendant recruited other workers in similar positions as Plaintiff to perform AML type duties and classified these workers as independent contractors.

31. Included in these other similarly situated workers are those workers with job titles such as SAR Writer, SAR Analyst and AML Financial Transactions Specialist (hereinafter "AML workers").

32. Each of these AML workers, including Plaintiff, was paid an hourly rate of pay for work performed.

33. Plaintiff and those similarly situated AML workers were paid based on how many hours they worked.

34. Plaintiff and those similarly situated AML workers were required to keep track of their work hours.

35. Plaintiff and those similarly situated AML workers were not paid any salary.

36. Plaintiff's pay was determined by multiplying his hours worked by his

regular hourly rate.

37. The other similarly situated AML workers who worked with Plaintiff were paid in a similar manner, i.e., straight time.

38. Plaintiff's pay stub indicated an hourly pay rate.

39. Defendant and its customers provided Plaintiff and other similarly situated AML workers the tools and equipment needed to perform their work (i.e. computers, telephones, etc.).

40. Defendant and its customers trained Plaintiff and other similarly situated AML workers.

41. Defendant and its customers monitored and critiqued the work of Plaintiff and other similarly situated AML workers.

42. Defendant and its customers informed Plaintiff and other similarly situated AML workers if they were not performing their job duties according to applicable standards.

43. Plaintiff and other similarly situated AML workers were closely supervised by Defendant's supervisors.

44. The work performed by Plaintiff and the other similarly situated AML workers was integral to Defendant's business because Defendant was paid by its customers for the services provided Plaintiff and other similarly situated AML workers.

45. Plaintiff and the other similarly situated AML workers could not employ their own workers to perform their work.

46. Defendant controlled the work schedule of Plaintiff and the similarly situated AML workers.

47. Plaintiff and those similarly situated AML workers routinely worked in excess of forty (40) hours per week as part of their regular job duties.

48. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff and those similarly situated AML workers overtime compensation at a rate of time and a half their regular rate of pay for the hours they worked over forty in each workweek.

49. Defendant has misclassified Plaintiff and those similarly situated AML employees as independent contractors under the FLSA and failed to pay Plaintiff and those similarly situated AML workers proper overtime premium compensation for all overtime hours worked each week.

50. Defendant had numerous other individuals employed as AML workers who performed the same or similar job duties under the same pay provisions as Plaintiff and the class member's companywide.

51. Defendant has violated Title 29 U.S.C. §207 in that:

   a. Plaintiff and those similarly situated AML workers worked in excess of forty (40) hours per week for the period of employment with Defendant; and

   b. No payments or insufficient payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated AML workers at the statutory rate of one and

7

one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA.

52. Plaintiff and those similarly situated have retained the law firms of Morgan & Morgan, P.A. and The Witherspoon Law Group, PLLC to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services if they prevail.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff and the class members were all AML type workers and performed the same or similar job duties as one another in that they provided AML duties to Defendant's customers.

54. Plaintiff and the class members were all hired by Defendant to perform AML type duties.

55. Plaintiff and the class members were all actually paid by the hour.

56. Plaintiff and the class members worked similar hours and usually worked more than forty (40) hours per week.

57. Plaintiff and the class members were all classified as independent contractors.

58. Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

59. Defendant's failure to compensate AML workers for all hours worked

in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of misclassifying these workers as independent contractors and failing to pay them overtime compensation based on their uniform pay policy, applicable to all putative class members herein.

60. This policy or practice was applicable to Plaintiff and the class members.

61. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All SAR Writers, SAR Analysts or AML Financial Transactions Specialist performing AML type duties for Defendant within the last three (3) years and who were classified as independent contractors and who were not compensated at time-and-one-half of their hourly rate for all hours worked in excess of forty (40) hours in one or more workweeks.**

62. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

63. Defendant knew that Plaintiff and those similarly situated AML workers should have been classified as employees and that it was required to pay Plaintiff and those similarly situated overtime pay for all overtime hours they worked each workweek, yet Defendant failed to do so.

64. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §

201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

65. Defendant did not have any good faith basis for its decision to misclassify Plaintiff and the other AML workers as independent contractors.

66. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

67. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

68. Plaintiff re-alleges and re-avers paragraphs 1 through 69 of the Complaint as if fully set forth herein.

69. During his employment with Defendant, Plaintiff routinely worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

70. Plaintiff and the class members are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

71. Defendant's actions in this regard were willful and/or showed reckless

disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff and the class members at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was due.

72. Defendant has failed to properly disclose or apprise Plaintiff and the class members of their rights under the FLSA.

73. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and the class members suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

74. Plaintiff and the class members are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b), in addition to their unpaid wages and liquidated damages.

## **PRAYER FOR RELIEF**

75. Wherefore, Plaintiff on behalf of himself and all other similarly situated AML workers, respectfully request that this Court grant the following relief:

   a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual

     Consents to Join pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages and overtime compensation due under the FLSA;

e. An award of liquidated damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

f. An award of prejudgment and post judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

76.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: July 18, 2017.

                           Respectfully submitted,

/s/ CLARA H. SAAFIR
Clara H. Saafir, Esq.
Texas Bar No. 24037414
The Witherspoon Law Group, PLLC
1717 McKinney Avenue, Suite 700
Dallas, TX 75202
Telephone: (214) 773-1133
Facsimile: (972) 696-9982
saafir@twlglawyers.com

-and-

C. Ryan Morgan, Esq.
Florida Bar. No. 0015527
*Pro Hac Vice forthcoming*
Carlos V. Leach, Esq.
Florida Bar Number 0540021
*Pro Hac Vice forthcoming*
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
Email: CLeach@forthepeople.com

-and-

Andrew. R. Frisch, Esq.
Florida Bar No. 27777
*Pro Hac Vice forthcoming*
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: (954) WORKERS
Facsimile:  (954) 327-3013
E-mail: AFrisch@forthepeople.com

*Attorneys for Plaintiff*